UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER GRIFFUS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 2:17-CV-01064-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

　　This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkt. 10, 14, 15.

　　After considering and reviewing the record, the Court concludes that the ALJ erred when failing to credit fully plaintiff's credibility and testimony. Although plaintiff made some minor inconsistent statements about his alcohol use, neither the ALJ nor

defendant explained the relevance of these statements to the assessment of limitations resulting from plaintiff's asthma and back pain. The ALJ also relied on plaintiff's activities of daily living, yet failed to identify any specific contradiction between these activities and plaintiff's other testimony.

Because the ALJ failed to provide clear and convincing reasons for failing to credit fully plaintiff's testimony, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

## BACKGROUND

Plaintiff, CHRISTOPHER GRIFFUS, was born in 1964 and was 49 years old on the alleged date of disability onset of February 16, 2014. *See* AR. 158-64. Plaintiff completed high school, but was unsuccessful in his community college classes and dropped out. AR. 46-48. Plaintiff has work history as a warehouse worker and driver. AR. 526-37. He left his last employment when he was physically hurting and sick and his doctor suggested he find something else. AR. 50.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative joint disease in the left hip, degenerative disc disease, asthma, bipolar disorder/major depressive disorder, generalized anxiety disorder, pain disorder with both psychological factors and a general medical condition, and alcohol dependence (20 CFR 404.1520(c) and 416.920(c))." AR. 20.

At the time of the hearing, plaintiff was staying with his brother sometimes and living apart from his wife of 30 years. AR. 47.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 103-05, 110-11. Plaintiff's subsequent application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (AR. 174-78) was accepted by Administrative Law Judge Irene Sloan ("the ALJ") and treated as a concurrent application at plaintiff's requested hearing held on December 21, 2015. *See* AR. 41-77. On June 22, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 15-34.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in her consideration of plaintiff's allegations; (2) the ALJ erred in her weighing of the medical opinions; and (3) the ALJ erred in her weighing of the lay witness statement. *See* Dkt. 10, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

(1) **Did the ALJ err in her consideration of plaintiff's allegations?**

Plaintiff contends that the ALJ erred when failing to credit fully his allegations and testimony. Defendant contends that there is no error, and contends that the ALJ properly relied on plaintiff's inconsistent reports regarding his alcohol use, on the fact that he indicated he was capable of full-time work on state work training forms, on plaintiff's activities of daily living, and on a finding of lack of support for his allegations from the objective medical evidence when failing to credit fully plaintiff's allegations.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). According to the Ninth Circuit, "we may not take a general finding--an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors--and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014); *see also Brown-Hunter v. Colvin,* , 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the

particular parts of the record supporting her non-credibility determination, [which] was legal error").

The determination of whether to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual"). If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick, supra*, 157 F.3d at 722 (citing *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47).

### a. Inconsistent statements about alcohol use

The ALJ noted that plaintiff testified that he did not drink alcohol anymore, but had indicated five months prior to such testimony that he had consumed a beer recently. AR. 27 (citing AR. 60, 739). However, plaintiff argues that the ALJ failed to explain the relevance of this inconsistency. *See* Dkt. 10, p. 9. Like the ALJ, defendant offers no argument as to how plaintiff's inconsistent statements about his alcohol use has any relevance to his statements about his limitations relating from back pain or asthma. *See* Dkt. 14, pp. 3-4.

In a similar fashion, plaintiff argues that the ALJ's reliance on the inconsistent statements about alcohol use is contrary to Social Security Ruling 16-3p, which clarifies that "subjective symptom evaluation is not an examination of an individual's character." Dkt. 10, p. 10 (citing SSR 16-3p). In response, defendant cites Ninth Circuit case law from 2005 and 2010 to support the argument that the ALJ properly engaged "'in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony.'" *See* Dkt. 14, pp. 3 (quoting *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (other citation omitted)). However, defendant does not address plaintiff's citation to the Social Security Administration's Ruling 16-3p, which essentially states the opposite of defendant's argument, and became effective on March 16, 2016. SSR 16-3P, 2016 WL 111-9029, 2016 SSR LEXIS 4 at *1.

The Ninth Circuit has indicated that an ALJ may consider "ordinary techniques of credibility evaluation." *Smolen, supra*, 80 F.3d at 1284 (citing *Fair v. Bowen*, 885 F.2d 597, 602-04 (9th Cir. 1989)). However, by recently adopting SSR 16-3P (effective

March 16, 2016) the Social Security Administration calls this conclusion into question. SSR 16-3P, 2016 WL 111-9029, 2016 SSR LEXIS 4 at *1. The ruling indicates that when evaluating a claimant's symptoms, ALJs "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id.* at 27. As noted in the Ruling, adjudicators "must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments . . . . [as] [the] focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." *Id*.

Therefore, the next question is whether the ALJ should have continued to follow the Ninth Circuit's previous rule of using "ordinary techniques of credibility evaluation." *Smolen, supra*, 80 F.3d at 1284, or whether, instead the ALJ should use the Social Security Ruling, SSR 16-3P, when evaluating the claimant's credibility. The Supreme Court and the Ninth Circuit have answered that question definitively. As stated by the Ninth Circuit, in reliance on the Supreme Court, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted). Here, SSR 16-3P is not plainly erroneous or inconsistent with the Social Security Act or regulations. Therefore, the ALJ erred when she used "ordinary techniques of credibility evaluation" rather than limiting her evaluation to plaintiff's statements about his symptoms and the evidence in the record that is relevant

to plaintiff's impairments. The mere fact that plaintiff may have made inconsistent statements about his alcohol use was not an appropriate rationale for the ALJ to rely on when failing to credit fully his allegations.

**b. Unemployment benefits and work training**

The ALJ also relied on the fact that plaintiff applied for unemployment and work training benefits, which required a certification of an ability to work full-time. *See* AR. 29-30. However, neither the ALJ nor defendant acknowledged that on the form cited by the ALJ, plaintiff specifically indicated that he was available for work that matches his skill set and "physical/health conditions," further noting that he was willing to drop classes provided that the work "matches with [his] skill set and health and physical limitations." AR. 277.

Given that the record indicates that plaintiff indicated that he was only willing and able to do work that matches his physical abilities and limitations, it is unclear how the ALJ's citation to this certification provides much support for the ALJ's failure to credit fully plaintiff's allegations about the limitations resulting from his back impairment and asthma.

**c. Activities of daily living**

The ALJ relied on a finding that plaintiff's activities of daily living, such as keeping up his yard, spending time with his grandson, driving, going shopping with his wife, using Facebook to keep in touch with family, inviting friends over to watch TV

about once a week, doing light workouts at the gym and riding his bike "suggests that his limitations are not as significant as alleged." AR. 28.

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn, supra*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, the ALJ made no specific findings regarding transferability of plaintiff's activities of daily living to a work setting. *See* AR. 28. Furthermore, neither the ALJ nor defendant has identified a contradiction between plaintiff's activities of daily living and his allegations. Therefore, the reliance on plaintiff's activities of daily living is not appropriate and does not entail a legitimate, much less a clear and convincing, reason for failing to credit fully plaintiff's allegations and testimony. *See Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*, 885 F.2d at 603).

**d. Lack of support from the objective medical evidence**

Finally, defendant contends that the ALJ's failure to credit fully plaintiff's allegations and testimony is supported by the ALJ's finding that the degree of plaintiff's alleged limitations are not supported by the objective medical evidence. In support of this argument, defendant quotes the ALJ's explanation that plaintiff's "imaging studies are not consistent with the alleged severity of his limitations." Dkt. 14, p. 5 (quoting AR. 24). The fact that plaintiff alleges pain that cannot be seen on imaging studies is not an inconsistency, as neither the ALJ nor defendant has explained how pain can be visualized on an imaging study. Furthermore the use of the objective medical evidence to support a finding that pain (or any other symptom) is not as severe as alleged, without more, is inappropriate, as discussed by the Ninth Circuit in an *en banc* decision.

Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").

For the reasons stated above, the Court concludes that defendant's arguments regarding the ALJ's rejection of plaintiff's testimony about his limitations are

unpersuasive. The Court also concludes that the errors committed by the ALJ when evaluating plaintiff's allegations and testimony are not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, plaintiff has alleged limitations which the ALJ has equated to a "claim of total disability." AR. 30. As noted by the ALJ, plaintiff indicated that he has limitations with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, and concentration; and, has alleged that he "could only do these activities for a limited time before it start[s] hurting or he experience[s] shortness of breath." AR. 23. As such, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully

crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (quoting *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless and this matter is reversed.

### (2) Did the ALJ err in her weighing of the medical opinions and in her weighing of the lay witness statement?

Because the Court concludes that this matter is reversed and remanded for further consideration of plaintiff's allegations and testimony, the rest of the record, including the medical and lay evidence, should be evaluated anew following remand of this matter.

### (3) Should this matter be reversed and remanded with a direction to award benefits or for further administrative proceedings?

Plaintiff contends that this matter should be reversed and remanded with a direction to award benefits. Defendant contends that this is not one of the rare cases in which such action would be appropriate. The Court agrees with defendant.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from

the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292).

In another recent case, the Ninth Circuit pointed out that the issue of whether or not further administrative proceedings would serve a useful purpose comes before the court decides and applies the final part of the credit-as-true rule. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted). The court noted that "an ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Id.* at 1106.

Based on the record as a whole, the Court concludes that just because the ALJ erred when failing to credit fully plaintiff's allegations does not mean that this Court should credit his testimony as true. *See id.* The Court concludes that further administrative proceedings would serve a useful purpose.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 21st day of March, 2018.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge